THE STATE, EX. REL. JASON R. HANNA, v. THE COMMON COUNCIL OF THE CITY OF RAHWAY.

1.  Where a vacancy occurred in the common council of the city of Rahway, by the resignation of one of its members, and the common council refused to appoint a special election to supply such vacancy, a *mandamus* may issue to compel the common council to direct a special election to be held, according to the provisions of the charter of said city.
2.  To authorize the issuing of the writ, there need not be a positive refusal by the common council to perform the duty; it is sufficient to show a manifest intention not to perform it.

On application for a *mandamus*.

At the last charter election of the city of Rahway, one of the councilmen of the second ward of said city was elected mayor, and thereupon resigned his office of councilman. Common council having failed to proceed and order an election to fill the vacancy thus created, the present application is made by a resident of the second ward, for a *mandamus* to compel council to appoint a special election to fill the vacancy.

Argued before the CHIEF JUSTICE, and Justices VREDENBURGH, DALRIMPLE, and DEPUE.

For motion, *T. Runyon.*

Contra, *J. H. Stone.*

The opinion of the court was delivered by

DALRIMPLE, J.    By the thirteenth section of the charter of the city of Rahway, (*Laws of* 1865, *page* 502,) it is made

the duty of the common council of Rahway, whenever a vacancy shall occur in the office of councilman, to appoint a special election, to be held in the ward in which such vacancy has taken place, to supply the same. It appears that a vacancy has existed in the office of councilman of the second ward since on or about the second Tuesday of April last, and that, as yet, common council has not taken any steps to fill such vacancy. A resolution has been introduced in council, appointing the election, and, as I gather from the proofs, is yet pending, undisposed of. It appertains to the office and duty of common council to order the special election. They having failed to perform such duty, a *mandamus* is the proper remedy. *Moses on Mandamus* 16; note to case of *Fish* v. *Weatherwax*, 2 *Johns. Cases* 217–1. The delay in the performance of a plain duty, is equivalent to a direct refusal. To authorize the issuing of the writ, there need not be a positive refusal to perform the duty. If, by any act of omission, an intention not to perform the duty is manifested, the writ should issue. *Fish* v. *Weatherwax* 217–13. As no question was made on the argument, as to the duty of council to order the election, nor any reason assigned for the failure to perform such duty, the relator is entitled to a peremptory *mandamus*.

Writ ordered accordingly.

CITED *in State, ex rel. Kelly,* v. *Paterson,* 6 *Vr.* 199; *State, Gregory, pros.,* v. *Jersey City,* 5 *Vr.* 399; *Cleveland* v. *Board of Finance, etc.,* 9 *Vr.* 263.